UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BEAU HIDBRADER | Case No. 3:19-cr-00013-RLY-MPB-1<br>ORDER ON MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:19-cr-00013-RLY-MPB |
| ) | |
| BEAU J. HIDBRADER, ) | -01 |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant Beau Hidbrader has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). *United States v. Hidbrader*, 3:19-cr-00013-RLY-MPB-1, dkt. 59. Mr. Hidbrader asks the court to reduce his sentence to time served. *Id.* The United States argues, in part, that Mr. Hidbrader's motion is barred by the terms of his plea agreement. Dkt. 75 at 12. For the reasons stated below, Mr. Hidbrader's motion is **denied**.

**I. Background**

In December 2019, Mr. Hidbrader executed a petition to enter plea of guilty and plea agreement. Dkt. 30. In this plea agreement, Mr. Hidbrader agreed to plead guilty to one count of possession of electronic images of obligations or securities of the United States. *Id.* at 1-2. He admitted possessing with intent to defraud digital and electronic images of a five-dollar Federal Reserve Note, a twenty-dollar Federal Reserve Note, and a fifty-dollar Federal Reserve Note. *Id.* at 7-8. He also admitted that he manufactured and printed counterfeit United States currency. *Id.* In Paragraph 24 of the plea agreement, Mr. Hidbrader agreed "not to contest, or seek to modify,

[his] . . . sentence . . . in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. *Id.* at 11-12.

The court conducted a change of plea and sentencing hearing for Mr. Hidbrader on July 1, 2020. Dkt. 56. The court accepted Mr. Hidbrader's guilty plea and sentenced him to 30 months' imprisonment and two years' supervised release. *Id.*; *see also* dkt. 57. Judgment was entered the same day, dkt. 57, and Mr. Hidbrader did not appeal his conviction or sentence.

In December 2020, Mr. Hidbrader filed a pro se motion asking the court to reduce his sentence to time served. Dkt. 59. Appointed counsel filed a memorandum in support of Mr. Hidbrader's motion in April 2021. Dkt. 72. The United States has responded, dkt. 75, and Mr. Hidbrader did not file a reply.

## II. Discussion

The First Step Act was enacted on December 21, 2018. *See* 132 Stat. 5194 (2018). As relevant here, § 603 of the First Step Act allows the court to reduce a sentence upon motion of the defendant if the defendant shows an "extraordinary and compelling reason" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).  Before enactment of the First Step Act, only the Bureau of Prisons could bring a motion for compassionate release. *See*  18 U.S.C. § 3582(c)(1)(A) (effective Nov. 2, 2002 to Dec. 20, 2018).

In his motion for compassionate release, Mr. Hidbrader asks the court to grant his request for compassionate release because his medical conditions combined with the risks presented by the COVID-19 pandemic create an "extraordinary and compelling reason" for a sentence reduction within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 72 at 1. In its response, the United States argues that Mr. Hidbrader waived his right to seek a sentence modification based on the terms of his plea agreement. Dkt. 75 at 12.

Mr. Hidbrader's motion for compassionate release must be denied because it is barred by the plain terms of his plea agreement. The Seventh Circuit recently held that a waiver of the right to file a motion under § 3582 was enforceable against a defendant who signed his plea waiver after the First Step Act was enacted but later attempted to file a motion for compassionate release under § 3582(c)(1)(A). *See United States v. Bridgewater*, 995 F.3d 591, 595–602 (7th Cir. 2021). Mr. Hidbrader's plea waiver plainly bars any attempt to file a § 3582 motion, and he signed his plea agreement after enactment of the First Step Act. He has presented no argument that the plea waiver is invalid or unenforceable. Thus, under *Bridgewater*, his motion for compassionate release must be denied as barred by his plea agreement.

### III. Conclusion

For the reasons explained above, Mr. Hidbrader's motion for compassionate release, dkt. [59], is **denied**.

**IT IS SO ORDERED.**

Date:     10/04/2021

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel